# Third District Court of Appeal

## State of Florida

Opinion filed July 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0923
Lower Tribunal No. 25-23407-FC-04
_____

**Matthew Gruber,**
Petitioner,

vs.

**Carly A. Orshan,**
Respondent.

A Case of Original Jurisdiction—Prohibition and Mandamus.

Felix & Baseman, and Mark F. Baseman (Tampa), for petitioner.

Orshan, Spann & Fernandez-Mesa, and Steven P. Spann, for respondent.

Before SCALES, C.J., and GORDO and LOBREE, JJ.

SCALES, C.J.

In his petition for a writ of prohibition or, in the alternative, a writ of mandamus, Petitioner Matthew Gruber asserts that, because Respondent Carly A. Orshan is the step-daughter of the Eleventh Judicial Circuit's Chief Judge and is represented by the Chief Judge's husband's law firm, no judge in the circuit is able to adjudicate fairly and objectively the underlying paternity action. In support of his petition, Petitioner points to several judges in the circuit's family division who have either *sua sponte* disqualified themselves or granted Petitioner's disqualification motions.

In his disqualification motions filed below (which Petitioner also served on the circuit's Chief Judge), Petitioner sought the recusal of the family law division judge assigned to his case and sought either (i) the assignment of a temporary judge by the Chief Justice of the Florida Supreme Court, or (ii) a transfer of venue. Each assigned judge granted Petitioner's disqualification motion but, citing a lack of authority to do so, declined the additional relief Petitioner sought in his motions. This petition ensued.

Petitioner seeks a writ from this Court either (i) prohibiting any judge from the Eleventh Judicial Circuit from adjudicating the paternity case, or (ii) compelling the circuit's Chief Judge either to change venue or to request, pursuant to Florida Rule of General Practice and Judicial Administration

2

2.215(b)(4),[1] the Chief Justice of the Florida Supreme Court to temporarily assign the case to a judge from another circuit.  We dismiss that portion of the petition seeking prohibition and deny that portion of the petition seeking mandamus.

A. Prohibition

Prohibition lies as a remedy for a party to challenge an assigned judge's denial of a disqualification motion. JJN FLB, LLC v. CFLB P'ship, LLC, 283 So. 3d 922, 925 (Fla. 3d DCA 2019). We have been cited no authority, however, that supports Petitioner's sought remedy of having this Court issue a prohibition writ that disqualifies all of the circuit's eighty-one judges. Even if, below, Petitioner had sought unsuccessfully such a blanket disqualification from a judge assigned to the case (which he has not), we are doubtful prohibition would lie as a remedy.

For prohibition to lie, there must be no other appropriate legal remedy. English v. McCrary, 348 So. 2d 293, 297 (Fla. 1977).  And, because a party may *appeal* an assigned judge's order denying a motion for blanket

---

[1] In relevant part, rule 2.215(b)(4) reads: "If it appears to the chief judge that the speedy, efficient, and proper administration of justice so requires, the chief judge may request the chief justice of the supreme court to assign temporarily an additional judge or judges from outside the circuit to duty in the court requiring assistance."

disqualification,[2] prohibition would not lie even if Petitioner had filed such an unsuccessful motion below.

Therefore, without reaching the merits of Petitioner's arguments, we dismiss that portion of the petition seeking a writ from this Court disqualifying all of the circuit's judges. See Owens v. State, 314 So. 3d 478, 479 (Fla. 3d DCA 2020) (dismissing prohibition petition because petitioner "had a legal remedy in the form of a direct appeal.").

B. Mandamus

As an alternative to prohibition, Petitioner seeks a writ of mandamus requiring the Chief Judge to rule on those portions of his disqualification motions either: (i) to transfer the case to another venue; or (ii) to request, pursuant to rule 2.215(b)(4), the Chief Justice to assign a temporary judge from outside the circuit to preside over the case. Mandamus lies only to

---

[2] See Wickham v. State, 998 So. 2d 593, 596-97 (Fla. 2008). In Wickham, a postconviction case involving a defendant sentenced to death, Wickham filed an unsuccessful motion in the postconviction court seeking to prohibit all of the circuit's judges from adjudicating his postconviction motion. On *appeal* from the trial court's denial of Wickham's postconviction motion, the Florida Supreme Court reversed, finding "unique and extraordinary circumstances" of potential judicial bias in its ruling that the postconviction court should have disqualified all of the circuit's judges. 998 So. 2d at 596. Wickham, relied upon by Petitioner, is plainly distinguishable both because Wickham (unlike Petitioner) filed a motion in the lower court seeking blanket disqualification, and (unlike the instant case) because Wickham sought appellate relief, rather than prohibition.

compel a lower tribunal to perform a ministerial duty. <u>Carnevale v. Shir</u>, 390 So. 3d 717, 719 (Fla. 3d DCA 2024) ("Mandamus . . . is available as a remedy only when the act sought to be compelled is purely ministerial. To be purely ministerial in character means that the trial court has no room for the exercise of discretion and its action is directed by law.").

Consistent with and as contemplated by the applicable rules, all of Petitioner's disqualification motions were adjudicated by judges who had been assigned to the underlying paternity case. <u>See</u> Fla. R. Gen. Prac. & Jud. Admin. 2.330(d) and (g) (requiring that a disqualification motion be served "on the subject judge") and 2.330(h) and (i) (providing that disqualification motions be adjudicated by the judge against whom disqualification is sought). While rule 2.215(b)(4) allows a circuit's Chief Judge to ask the Chief Justice to assign temporary judges to a circuit, no authority has been cited to us that a Chief Judge – who has never presided over any portion of the case – has a ministerial duty to adjudicate a party's request that the Chief Judge invoke the rule (or that such a request is even cognizable as a motion).

Similarly, while Florida Family Law Rule of Procedure 12.060(b) provides a mechanism for the assigned judge to adjudicate a motion that alleges the filing was made in the wrong venue, we have been cited no

authority that a circuit's Chief Judge has a ministerial duty to adjudicate a party's request to change venue under the circumstances alleged here.

Therefore, we deny that portion of the petition seeking a writ of mandamus to compel the Chief Judge to rule on his motions. Carnevale, 390 So. 3d at 719.

Petition dismissed in part and denied in part.